UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGEL ULLOA II,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>　　　　　　Defendant. | Case No. 23-cv-01752-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Defendant Securitas Security Services USA, Inc. moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Michael Angel Ulloa II's complaint. [Docket No. 15.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court converts the motion to a Rule 12(c) motion for judgment on the pleadings, which is granted in part and denied in part.

I.　　**FACTUAL AND PROCEDURAL BACKGROUND**

In this putative class action, Ulloa sues his former employer Securitas alleging numerous wage and hour violations under California law. [*See* Docket No. 1 (Notice of Removal, "NOR") Ex. 1 (Compl.).] Plaintiff asserts the following claims in the FAC: 1) failure to provide required meal periods in violation of California Labor Code sections 226.7 and 512; 2) failure to provide required rest periods in violation of California Labor Code sections 226.7 and 512; 3) failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; 4) failure to pay minimum wages in violation of California Labor Code sections 1194 and 1197; 5) failure to pay wages due upon termination in violation of California Labor Code sections 201-203; 6) failure to provide accurate, itemized wage statements in violation of California Labor Code section 226; 7) failure to maintain employment records in violation of California Labor Code section 226; 8)

1   failure to indemnify employees for necessary expenditures in violation of California Labor Code

2   section 2802; 9) unfair and unlawful business practices in violation of California Business &

3   Professions Code section 17200 *et seq*. ("UCL"); and 10) civil penalties under the California

4   Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698-2699.

5         Plaintiff seeks to represent a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or the class is certified[.]" Compl. ¶ 5.

9         Plaintiff filed the complaint in state court on February 14, 2023. Defendant filed an answer to the complaint on April 7, 2023. NOR ¶¶ 3, 4, Exs. 1, 2. Defendant removed the action to this court on April 12, 2023. Defendant now moves pursuant to Rule 12(b)(6) to dismiss the complaint.

## II. LEGAL STANDARDS

### A. Timeliness of the Motion

As noted, Defendant moves pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim. "A Rule 12(b)(6) motion must be made *before* the responsive pleading." *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) (emphasis in original) (quoting *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004)); *see* Fed. R. Civ. P. 12(b) ("[a] motion asserting any of [the defenses under Rule 12(b)] must be made before pleading if a responsive pleading is allowed."). Here, Defendant filed its motion to dismiss on July 18, 2023, over three months after it filed an answer on April 7, 2023. Accordingly, the motion is untimely. Nonetheless, Ninth Circuit law provides that "if a motion to dismiss for failure to state a claim is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings" under Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *accord MacDonald*, 457 F.3d at 1081 (where district court "mistakenly applied" Rule 12(b)(6) in granting motion to dismiss after an answer was filed, Ninth Circuit treated dismissal "as a grant of a motion for judgment on the pleadings"). The case for converting the motion into dismiss to a motion for judgment on the pleadings "is further strengthened where . . . the answer[ ]

2

1   included the defense of failure to state a claim" because the converted motion is "not based on
2   new arguments for which [the plaintiff] could claim to have been unprepared." *Aldabe*, 616 F.2d
3   at 1093.
4         In this case, Defendant's answer includes the defense of failure to state a claim. Answer 2.
5   Accordingly, the court will convert the Rule 12(b)(6) motion to dismiss into a Rule 12(c) motion
6   for judgment on the pleadings. *See, e.g., Jaeger v. Howmedica Osteonics Corp.*, No. 15-CV-
7   00164-HSG, 2016 WL 520985, at *5-6 (N.D. Cal. Feb. 10, 2016) (converting untimely 12(b)(6)
8   motion into 12(c) motion where there was no risk of prejudice to either party given identical legal
9   standards applicable to both motions, defendant's answer alleged the defense of failure to state a
10  claim, and there was no risk of delaying the trial).

    **B.**    **Rule 12(c)**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez* 683 F.3d at 1108. The court must construe all factual allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, the court "court must assess whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Mere conclusory statements in a complaint and 'formulaic recitations of the elements of a cause of action' are not sufficient." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When considering a motion for judgment on the pleadings, th[e] court may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

### III. REQUEST FOR JUDICIAL NOTICE

Defendant asks the court to take judicial notice of two documents: 1) a collective bargaining agreement ("CBA") between Defendant and Service Employees International Union, United Service Workers West ("SEIU-USWW"), effective August 5, 2017 through September 30, 2022; and 2) a CBA between Defendant and SEIU-USWW effective October 1, 2022 through June 30, 2026. [Docket No. 15-1 (Request for Judicial Notice ("RJN"), Exs. A, B.] Defendant asserts that Plaintiff's employment was covered by these CBAs. Mot. 3. Plaintiff objects to the court taking judicial notice of both documents. Opp'n 10-11.

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

According to Defendant, the court may take judicial notice of the two CBAs under Rule 201(b), arguing that "[c]ourts may take judicial notice of court transcripts both 'within and without the federal judicial system' if those proceedings have a direct relation to matters at issue" and that "[c]ourts routinely take judicial notice of documents found on the internet." RJN 2. It offers no explanation as to how the CBAs are "court transcripts" or "documents found on the internet" or are otherwise judicially noticeable. Accordingly, the court declines to take judicial notice of the CBAs.[1]

---

[1] In its reply, Defendant argues that the court may consider the CBAs under the doctrine of incorporation by reference. Reply 3. The court declines to consider arguments raised for the first time on reply, and in any event, the doctrine does not apply here. The incorporation by reference doctrine is "a judicially-created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigent Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This is to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions that weaken—or doom—their claims." *Id.* Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). However, if a document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id.* Further, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). The complaint does not mention the CBAs and Defendant does not explain how Plaintiff's claims rely on the CBAs, as opposed to the California Labor Code provisions cited in the complaint.

Defendant also argues in its reply that if the court determines that the CBA "is not a proper subject

## IV. DISCUSSION

Defendant first argues that the CBAs that purportedly governed Plaintiff's employment contain grievance and arbitration provisions that cover the wage and hour claims in the complaint, and that Plaintiff is required to arbitrate claims for meal periods, rest breaks, overtime, unpaid wages, and unreimbursed business expenses. Mot. 11-12. Accordingly, it contends, the court must dismiss all claims in the complaint for "failure to exhaust the CBA's internal grievance mechanisms." *Id*. at 12. Defendant also asserts that the court should "dismiss or strike Plaintiff's class claims" because "the CBA expressly prohibits Plaintiff from [bringing a civil action] other than on an individual basis." *Id*. at 17. As these arguments rely on materials outside the complaint that are not judicially noticeable, the motion is denied on these grounds.

Defendant also argues that the complaint fails to allege sufficient factual allegations to state plausible claims under the California Labor Code (claims one through eight), and that complaint fails to state derivative UCL and PAGA claims (claims nine and ten). Mot. 12-17. It also contends that Plaintiff lacks Article III standing to seek injunctive relief because he has not worked for Defendant since October 2022. *Id*. at 19 (citing NOR Ex. C). Plaintiff does not oppose the motion on these particular grounds. Instead, he responds that if Defendant had filed a timely motion to dismiss before filing an answer, he "would have amended the complaint as a matter of course, pursuant to Rule 15(a)(1)(B), to include more detailed allegations under federal pleading standards." Opp'n 23. He requests leave to amend to file an amended complaint. *Id*. at 23-24. Plaintiff also concedes that as a former employee, he lacks standing to seek injunctive relief, and states that any amended complaint "would remove the request for injunctive relief." *Id*. at 24.

For motions under both Rule 12(b)(6) and Rule 12(c), the court should grant leave to amend even if no request for leave to amend has been made, unless amendment would be futile. *See Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 Fed. Appx. 566, 569 (9th Cir. 2008)

---

of judicial notice," the court should convert the motion to a motion for summary judgment. Reply 4 n.1. Given the early stage of the litigation, as well as the fact that Defendant raised this argument on reply, the court declines to convert Defendant's Rule 12(c) motion into a motion for summary judgment.

5

1  (citation omitted); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1134-35 (9th Cir. 2012) (affirming
2  dismissal under Rule 12(c) but reversing for failure to grant leave to amend). Here, the court
3  cannot say that amendment would be futile. Accordingly, Defendant's Rule 12(c) motion is
4  granted in part and denied in part. Plaintiff's request for injunctive relief is dismissed with
5  prejudice. Claims one through ten are dismissed with leave to amend.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's request for injunctive relief is dismissed with prejudice. Claims one through ten are dismissed with leave to amend. Plaintiff shall file an amended complaint with 14 days of the date of this Order and **shall plead his best case**.

**IT IS SO ORDERED.**

Dated: August 28, 2023



IT IS SO ORDERED
Donna M. Ryu
Chief Magistrate Judge
Judge Donna M. Ryu