MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
VANESSA M. RODRIGUEZ (SBN 316382)
vrodriguez@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff
MICHAEL ANGEL ULLOA II, individually
and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGEL ULLOA II, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 4:23:cv-01752-DMR<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION**<br><br>9. Penalties Under the Labor Code Private Attorneys General Act, as a Representative Action<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  February 14, 2023<br>Date of Removal:  April 12, 2023<br>Trial Date:  None Set |

Plaintiff MICHAEL ANGEL ULLOA II ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of himself and all other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. PLAINTIFF originally filed this action in the Superior Court of the State of California because PLAINTIFF is a resident and a citizen of the State of California and Defendant SECURITAS SECURITY SERVICES USA, INC.., a Delaware corporation, and DOES 1 through 50 (collectively, "DEFENDANTS") are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2. PLAINTIFF original filed this action in the County of San Francisco, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of San Francisco, DEFENDANTS maintain offices and facilities and transact business in the County of San Francisco, and DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly situated in the County of San Francisco.

3. On April 12, 2023, DEFENDANTS removed this action to the United States District Court for the Northern District of California, based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453. [Docket No. 1 at ¶ 1.] DEFENDANTS assert venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446. [Docket No. 1 at ¶ 2.]

## PLAINTIFF

4. PLAINTIFF is a resident and a citizen of the State of California and an employee of DEFENDANTS during the relevant time period. PLAINTIFF was employed by DEFENDANTS in San Francisco as a "Flex Officer" from approximately May 2022 to October 2022. As a Flex Officer, PLAINTFIF was required to fill in for security officers who were sick or on vacation, to provide security for short-term special events, and/or to staff new accounts until permanent security officers could be hired.

5. PLAINTIFF, on behalf of himself and all other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years

preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay meal and rest period premiums, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, and interest, attorneys' fees, costs, and expenses.

6.     PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or the class is certified (the "CLASS PERIOD").  PLAINTIFF reserves the right to name additional class representatives.

## DEFENDANTS

7.     PLAINTIFF is informed and believes, and thereon alleges, that Defendant SECURITAS SECURITY SERVICES USA, INC. is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that SECURITAS SECURITY SERVICES USA, INC. is authorized to conduct business in the State of California and does conduct business in the State of California.  Specifically, Defendant SECURITAS SECURITY SERVICES USA, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of San Francisco, State of California.

8.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

9.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF

and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

10. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums at the correct rate of pay; failing to provide rest and meal periods; failing to pay meal and rest period premiums; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

11. PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

12. Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

13. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

///

## CLASS ACTION ALLEGATIONS

14. This action is appropriately suited for a class action because:

    a. The potential class size is a significant number. Joinder of all current and former employees individually would be impractical.

    b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in California in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

    c. The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees in California to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

    d. PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

    e. Common questions of law and fact predominate over any questions affecting individual CLASS MEMBERS, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 4-2001, § 11]**

**(Against all DEFENDANTS)**

15. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to

PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 4-2001, § 11. Regardless of whether a meal period is on-duty or off-duty, an employer is required to provide a timely meal period of at least 30 minutes under California law. *L'Chaim House, Inc. v. Dep't of Indus. Rels.*, 38 Cal. App. 5th 141, 144 (2019).

17. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 4-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19. During the CLASS PERIOD, PLAINTIFF and other CLASS MEMBERS were required to take on-duty meal periods even though the nature of the work did not prevent PLAINTIFF and other CLASS MEMBERS from being relieved of all duty. Because of systemic understaffing, PLAINTIFF and CLASS MEMBERS were required by management to miss meal periods and to take short, late, and interrupted meal periods due to a lack of relief from other employees. In addition, DEFENDANTS required PLAINTIFF and CLASS MEMBERS to remain on the premises of the client site during meal periods. Furthermore, PLAINTIFF and CLASS MEMBERS were required to remain on call during meal periods and to respond to communications from supervisors and schedulers. Finally, DEFENDANTS did not provide PLAINTIFF and CLASS MEMBERS with second meal periods on shifts in excess of ten hours during the CLASS PERIOD.

20. During the CLASS PERIOD, PLAINTIFF worked shifts in excess of six hours almost every workday. PLAINTIFF's time records show the number of meal periods that were late, short, and missed during the CLASS PERIOD. PLAINTIFF was not relieved of duty for a timely, 30-minute meal period on every shift he worked for DEFENDANTS longer than six hours. DEFENDANTS did not pay PLAINTIFF any meal period premiums during PLAINTIFF's employment.

21. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and

due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 12]

### (Against all DEFENDANTS)

22. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

23. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4-2001, § 12.

24. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

25. During the CLASS PERIOD, PLAINTIFF and other CLASS MEMBERS were not permitted to take off-duty, 10-minute rest periods because of systematic understaffing and a lack of relief from other employees. There is no "nature of the work" exception in the applicable wage order allowing for an on-duty rest period. DEFENDANTS required PLAINTIFF and CLASS MEMBERS to remain on the premises of the client site during rest periods. Furthermore, PLAINTIFF and CLASS MEMBERS were required to remain on call during rest periods and to respond to communications from supervisors and schedulers. PLAINTIFF was not permitted to take an off-duty, 10-minute rest period on nearly every workday he worked for DEFENDANTS longer than 3.5 hours. DEFENDANTS did not pay PLAINTIFF any rest period premiums during PLAINTIFF's employment.

26. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

///

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]

### (Against all DEFENDANTS)

27. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

28. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

29. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime and double time hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001, § 3; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work through off-duty meal periods; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to include all remuneration in the calculation of the regular rate of pay for overtime purposes; failing to properly calculate the regular rate of pay for overtime purposes using the weighted average method when PLAINTIFF and CLASS MEMBERS earned multiple hourly rates during the same workweek; and other methods to be discovered.

30. During the CLASS PERIOD, DEFENDANTS paid PLAINTIFF and CLASS MEMBERS nondiscretionary bonuses which DEFENDANTS failed to include in the calculation of the

regular rate of pay for overtime purposes. By excluding these bonus payments from the regular rate of pay, DEFENDANTS underpaid PLAINTIFF and CLASS MEMBERS overtime wages.

31. During the CLASS PERIOD, DEFENDANTS failed to implement a fixed, 24-hour workday for PLAINTIFF and other CLASS MEMBERS who worked graveyard shifts. Instead of calculating daily overtime and double time based upon the number of hours worked in a 24-hour workday, DEFENDANTS illegally calculated overtime and double time based upon the number of hours PLAINTIFF and CLASS MEMBERS worked in a shift, resulting in the underpayment of overtime and double time wages.

32. During the CLASS PERIOD, DEFENDANTS enforced an illegal rounding policy that resulted in the failure to pay PLAINTIFF and CLASS MEMBERS for all overtime and double time hours worked. Even though DEFENDANTS' timekeeping system could capture the exact amount of time an employee worked during a shift, DEFENDANTS did not pay PLAINTIFF and CLASS MEMBERS for all overtime and double time hours worked. *See Camp v. Home Depot U.S.A., Inc.*, 84 Cal. App. 5th 638, 660 (2022). For example, during the weekly pay period ending on October 6, 2022, DEFENDANTS rounded PLAINTIFF's work hours each workday such that PLAINTIFF's wage statement shows a total of 51.50 hours worked, including eleven (11) line items of straight-time, overtime, and double time earnings corresponding with rounded hours worked at various client sites. As a result of DEFENDANTS' rounding of PLAINTIFF's work hours during the pay period ending on October 6, 2022, DEFENDANTS did not pay PLAINTIFF for all overtime and double time hours worked.

33. During the CLASS PERIOD, DEFENDANTS paid PLAINTIFF and other CLASS MEMBERS multiple hourly rates in the same workweek depending upon the client site where PLAINTIFF and other CLASS MEMBERS worked. When DEFENDANTS paid PLAINTIFF and other CLASS MEMBERS multiple hourly rates in the same workweek, DEFENDANTS failed to properly calculate the regular rate of pay for overtime and double time purposes using the weighted average method. For example, during the weekly pay period ending on August 25, 2022, DEFENDANTS paid PLAINTIFF four different hourly rates ($20.00/hour, $22.00/hour, $22.50/hour, and $23.00/hour). DEFENDANTS did not properly calculate the regular rate of pay for overtime and double time purposes

using the weighted average method. As a result, DEFENDANTS underpaid overtime and double time wages to PLAINTIFF for the workweek ending on August 25, 2022.

34. In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial.

35. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 4-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 4-2001, § 4]**

**(Against all DEFENDANTS)**

36. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

37. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 4-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

38. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through off-duty meal periods; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and other methods to be

discovered.

39. During the CLASS PERIOD, DEFENDANTS enforced an illegal rounding policy that resulted in the failure to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked. Even though DEFENDANTS' timekeeping system could capture the exact amount of time an employee worked during a shift, DEFENDANTS did not pay PLAINTIFF and CLASS MEMBERS for all time worked. *See Camp*, 84 Cal. App. 5th at 660. For example, during the weekly pay period ending on October 6, 2022, DEFENDANTS rounded PLAINTIFF's work hours each workday such that PLAINTIFF's wage statement shows a total of 51.50 hours worked, including eleven (11) line items of straight-time, overtime, and double time earnings corresponding with rounded hours worked at various client sites. As a result of DEFENDANTS' rounding of PLAINTIFF's work hours during the pay period ending on October 6, 2022, DEFENDANTS did not pay PLAINTIFF minimum wages for all time worked.

40. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 4-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

41. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

42. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the

time of discharge are due and payable immediately.

43. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

44. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

45. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202, including unpaid meal period premiums, rest period premiums, overtime wages, double time wages, and minimum wages, as set forth above.

46. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies. *See Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 117 (2022) ("missed-break premium pay constitutes wages for purposes of Labor Code § 203, and so waiting time penalties are available under that statute if the premium pay is not timely paid").

47. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

### SIXTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

48. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

allegations in the foregoing paragraphs.

49. During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, the inclusive dates of the period for which the employee is paid, only the last four digits of the employees social security number or an employee identification number other than a social security number, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 4-2001, § 7.

50. As alleged herein, during the CLASS PERIOD, DEFENDANTS failed to pay premium wages for noncompliant meal periods and rest periods, failed to pay overtime wages and minimum wages, failed to pay overtime and double time wages at 1.5 times the regular rate of pay by excluding remuneration (including but not limited to nondiscretionary bonuses) from the calculation, failed to properly calculate the regular rate of pay using the weighted average method when PLAINTIFF and other CLASS MEMBERS earned multiple hourly rates in the same workweek, and failed to pay overtime, double time, and minimum wages for all time worked as a result of an illegal rounding policy even though DEFENDANTS' timekeeping system could capture the exact amount of time an employee worked each shift. As a result, DEFENDANTS failed to furnish PLAINTIFF and CLASS MEMBERS with timely, itemized wage statements that accurately reflected the gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9).

51. For example, during the weekly pay period ending on October 6, 2022, DEFENDANTS rounded PLAINTIFF's work hours each workday such that PLAINTIFF's wage statement shows a total of 51.50 hours worked, including eleven (11) line items of straight-time, overtime, and double time earnings corresponding with rounded hours worked at various client sites. As a result of DEFENDANTS' rounding of PLAINTIFF's work hours during the pay period ending on October 6,

2022, DEFENDANTS did not pay PLAINTIFF for all overtime and double time hours worked. DEFENDANTS furnished PLAINTIFF with an itemized wage statement for the pay period ending on October 6, 2022 that failed to accurately show the gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9).

52. In addition, during the weekly pay period ending on August 25, 2022, DEFENDANTS paid PLAINTIFF multiple hourly rates ($20.00/hour, $22.00/hour, $22.50/hour, and $23.00/hour). DEFENDANTS did not properly calculate the regular rate of pay for overtime and double time purposes using the weighted average method. As a result, DEFENDANTS underpaid overtime and double time wages to PLAINTIFF for the workweek ending on August 25, 2022. DEFENDANTS furnished PLAINTIFF with an itemized wage statement for the pay period ending on August 25, 2022 that failed to accurately reflect the gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(1), (a)(2), (a)(5), and (a)(9). The wage statement shows at least two inaccurate overtime premium rates ("FLSA_OT" rates of $11.151 and $11.062), whereas the lawful overtime premium should be consistently calculated at one-half (0.5x) the regular rate of pay for all overtime hours worked.

53. PLAINTIFF and CLASS MEMBERS are entitled to a presumption of injury under Labor Code § 226(e)(2)(B) because they could not promptly and easily determine from the wage statement alone the amount of gross wages or net wages earned, the total hours worked, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate. *Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2020 WL 6392562, at *7 (E.D. Cal. Nov. 2, 2020); *Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2022 WL 1645942, at *13 (N.D. Cal. May 24, 2022).

54. During the CLASS PERIOD, DEFENDANTS' failure to furnish accurate, itemized wage statements to PLAINTIFF and CLASS MEMBERS was a "knowing and intentional failure," pursuant to Labor Code § 226(e)(1), because it was not the result of an isolated and unintentional payroll error due

to a clerical or inadvertent mistake.

55. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

56. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

57. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

58. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phone usage, in violation of California Labor Code § 2802.

59. During the CLASS PERIOD, DEFENDANTS required PLAINTIFF and other CLASS MEMBERS to use their personal cell phones for work-related purposes. For example, at the beginning of PLAINTIFF's employment, DEFENDANTS required PLAINTIFF to provide the company with his personal cell phone number so that DEFENDANTS could communicate with PLAINTIFF for work-related purposes. DEFENDANTS' supervisors and schedulers called or texted PLAINTIFF on PLAINTIFF's personal cell phone about work-related issues on nearly a daily basis. In addition,

DEFENDANTS required PLAINTIFF to take photos and/or videos of documents, including timesheets, and other things at the client site using his personal cell phone and to text the photos/videos to PLAINTIFF's supervisor at least once per week. Furthermore, PLAINTIFF was required to use his personal cell phone to clock in and clock out if the company phone was not working or not charged. DEFENDANTS did not reimburse PLAINTIFF for any of the necessary expenses PLAINTIFF incurred using his personal cell phone for these work-related purposes.

60.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

61.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

62.   Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime wages, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq.* ("UCL").

63. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

64. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

65. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

66. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to restitution from DEFENDANTS in an amount according to proof at the time of trial. PLAINTIFF lacks an adequate remedy at law for the restitution sought herein in the alternative because PLAINTIFF's claims for restitution under the UCL have a four-year statute of limitations, which is one year longer than PLAINTIFF's claims for damages. Therefore, PLAINTIFF is not seeking the same amount in both restitution and damages for the same past harm. The amount of damages sought by PLAINTIFF based upon a three-year statute of limitations is less than the amount of restitution sought under the UCL based upon a four-year statute of limitations. Accordingly, PLAINTIFF does not have an adequate remedy at law for his UCL claims.

### NINTH CAUSE OF ACTION

**Representative Action for Civil Penalties under the Labor Code Private Attorneys General Act**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

67. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 16 and the

subparagraphs thereto.

68.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and other aggrieved employees were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and other aggrieved employees.

69.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 4-2001, § 20, from DEFENDANTS on behalf of himself, the State of California, and other aggrieved employees in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

70.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on November 30, 2022 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

71.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.      For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For waiting time penalties pursuant to California Labor Code § 203;

6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(a) and §§ 2698–2699.5;

7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 226(e)(1), 1194(a), 2699(g)(1), 2802(c), California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9. For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

10. For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel; and

11. For such further relief that the Court may deem just and proper.

DATED: September 11, 2023                 Respectfully submitted,

                                          MATERN LAW GROUP, PC


                                          By:   */s/ Matthew W. Gordon*
                                                MATTHEW J. MATERN
                                                MATTHEW W. GORDON
                                                VANESSA M. RODRIGUEZ
                                                Attorneys for Plaintiff
                                                MICHAEL ANGEL ULLOA II,
                                                individually, and on behalf of all others
                                                similarly situated

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: September 11, 2023

Respectfully submitted,

MATERN LAW GROUP, PC

By: */s/ Matthew W. Gordon*

MATTHEW J. MATERN
MATTHEW W. GORDON
VANESSA M. RODRIGUEZ
Attorneys for Plaintiff
MICHAEL ANGEL ULLOA II,
individually, and on behalf of all others
similarly situated