1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL ANGEL ULLOA II,                      Case No.  23-cv-01752-DMR

8                         Plaintiff,
                                                  ORDER ON MOTION TO DISMISS
9          v.                                     FIRST AMENDED COMPLAINT

10   SECURITAS SECURITY SERVICES                  Re: Dkt. No. 25
     USA, INC.,
11
                         Defendant.
12

13          In this putative class action, Plaintiff Michael Angel Ulloa II sues his former employer

14   Securitas Security Services USA, Inc. alleging wage and hour violations under California law.

15   Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's first

16   amended complaint (FAC).  [Docket No. 25.]  This matter is suitable for resolution without a

17   hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is denied.

18   I.     FACTUAL AND PROCEDURAL BACKGROUND

19          Defendant employed Plaintiff as a "Flex Officer" from May 2022 to October 2022.  As a

20   Flex Officer, Plaintiff filled in for security officers on leave, provided security for special events,

21   and temporarily staffed new accounts.  [Docket No. 24 (FAC) ¶ 4.]

22          Plaintiff asserts the following claims in the FAC: 1) failure to provide required meal

23   periods in violation of California Labor Code sections 226.7 and 512; 2) failure to provide

24   required rest periods in violation of California Labor Code sections 226.7 and 512; 3) failure to

25   pay overtime wages in violation of California Labor Code sections 510 and 1194; 4) failure to pay

26   minimum wages in violation of California Labor Code sections 1194 and 1197; 5) failure to pay

27   wages due upon termination in violation of California Labor Code sections 201-203; 6) failure to

28   provide accurate, itemized wage statements in violation of California Labor Code section 226; 7)

United States District Court
Northern District of California

1    failure to indemnify employees for necessary expenditures in violation of California Labor Code

2    section 2802; 8) unfair and unlawful business practices in violation of California Business &

3    Professions Code section 17200 *et seq.* ("UCL"); and 9) civil penalties under the California

4    Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698-2699.

5         Plaintiff seeks to represent a class of "all current and former non-exempt employees of

6    Defendant[ ] in the State of California at any time within the period beginning four (4) years prior

7    to the filing of this action and ending at the time this action settles or the class is certified[.]"  FAC

8    ¶ 6.

9         Plaintiff filed the complaint in state court on February 14, 2023.  Defendant filed an

10   answer to the complaint on April 7, 2023.  NOR ¶¶ 3, 4, Exs. 1, 2.  Defendant removed the action

11   to this court on April 12, 2023 and moved pursuant to Rule 12(b)(6) to dismiss the complaint.  The

12   court converted the motion to a Rule 12(c) motion for judgment on the pleadings and granted the

13   motion in August 2023.  *Ulloa v. Securitas Sec. Servs. USA, Inc.*, No. 23-CV-01752-DMR, 2023

14   WL 5538276, at *3 (N.D. Cal. Aug. 28, 2023).  In relevant part, the court dismissed Plaintiff's

15   claims with leave to amend and dismissed his request for injunctive relief with prejudice.  *Id.*

16   Plaintiff timely filed the FAC and Defendant again moves to dismiss.

**II.    LEGAL STANDARD**

17

18        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

19   the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

20   When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

21   of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

22   (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or

23   there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

24   *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

25   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

26   2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual

27   content that allows the court to draw the reasonable inference that the defendant is liable for the

28   misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of

2    a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing

3    *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir.

4    2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir.

5    2002).  "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that

6    plausibly give rise to an entitlement to relief."  *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173,

7    1176 (9th Cir. 2021) (quotations and internal citations omitted).

8         As a general rule, a court may not consider "any material beyond the pleadings" when

9    ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).

10   However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack*

11   *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents

12   whose contents are alleged in a complaint and whose authenticity no party questions, but which

13   are not physically attached to the pleading," without converting a motion to dismiss under Rule

14   12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

15   1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26.  The court need not accept

16   as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr*.

17   *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

18   **III.    REQUEST FOR JUDICIAL NOTICE**

19        Defendant asks the court to take judicial notice of two documents: 1) a collective

20   bargaining agreement ("CBA") between Defendant and Service Employees International Union,

21   United Service Workers West ("SEIU-USWW"), effective August 5, 2017 through September 30,

22   2022; and 2) a CBA between Defendant and SEIU-USWW effective October 1, 2022 through

23   June 30, 2026.  [Docket No. 25-6 (Request for Judicial Notice ("RJN"), Exs. A, B.]  Defendant

24   asserts that Plaintiff's employment was covered by these CBAs.  Mot. 3-4.[1]  Plaintiff objects to the

25

26   _____

     [1] Defendant also submits declarations by two witnesses regarding Plaintiff's employment.
27   [Docket Nos. 25-1 (Magnanimo Decl. Sept. 25, 2023); 25-3 (Jingco Decl. Sept. 21, 2023).]  The
     court cannot consider them.  *See Lee*, 250 F.3d at 688 ("when the legal sufficiency of a
28   complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the
     complaint." (cleaned up)).

1  court taking judicial notice of both documents.  Opp'n 11-12.

2          Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts.

3  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is

4  generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

5  determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

6  According to Defendant, the court may take judicial notice of the two CBAs under Rule 201(b),

7  arguing that "[c]ourts routinely take judicial notice of collective bargaining agreements when

8  ruling on motions to dismiss."  RJN 2.  However, the authority it cites for this proposition

9  involved cases in which a plaintiff referred to a CBA in the complaint, (*Stone v. Writer's Guild of*

10 *Am. W., Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996)); a plaintiff challenged his termination with his

11 union and did not appear to object to the court's taking judicial notice of the applicable CBA,

12 (*Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1049-50 (N.D. Cal. 2005)); and

13 plaintiffs attached a copy of one CBA to the complaint and did not appear to object to the court's

14 taking judicial notice of an additional CBA, (*Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d

15 1187, 1190 & n.8 (C.D. Cal. 2015)).  RJN 2.  None of those circumstances are present here.

16         Defendant also argues that "[c]ourts routinely take judicial notice of documents found on

17 the internet" and identifies a web address that purports to "contain[ ] a copy of the full collective

18 bargaining agreement at issue."  RJN 2-3.  None of Defendant's cited cases stand for the

19 proposition that a court may take judicial notice of a CBA on the ground that it may be found

20 online.  Accordingly, the court declines to take judicial notice of the CBAs.[2]

21 _____

22 [2] In its reply, Defendant argues that the court may consider the CBAs under the doctrine of
   incorporation by reference.  Reply 2.  The court declines to consider arguments raised for the first

23 time on reply.  In any event, the doctrine does not apply here.  The incorporation by reference
   doctrine is "a judicially-created doctrine that treats certain documents as though they are part of

24 the complaint itself."  *Khoja v. Orexigent Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).
   This is to prevent "plaintiffs from selecting only portions of documents that support their claims,

25 while omitting portions that weaken—or doom—their claims."  *Id.*  Incorporation by reference is
   appropriate "if the plaintiff refers extensively to the document or the document forms the basis of

26 the plaintiff's claim."  *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).
   However, if a document "merely creates a defense to the well-pled allegations in the complaint,

27 then that document did not necessarily form the basis of the complaint."  *Id.*  Further, "the mere
   mention of the existence of a document is insufficient to incorporate the contents of a document."

28 *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).  The complaint
   does not mention the CBAs and Defendant does not explain how Plaintiff's claims rely on the

United States District Court
Northern District of California

United States District Court
Northern District of California

## IV.     DISCUSSION

Defendant first argues that the CBAs that purportedly governed Plaintiff's employment contain grievance and arbitration provisions that cover the wage and hour claims in the complaint, and that Plaintiff is required to arbitrate claims for meal periods, rest breaks, unpaid wages, unreimbursed business expenses, and overtime. Mot. 13-14. Accordingly, it contends, the court must dismiss all claims in the FAC for "failure to exhaust the CBA's internal grievance mechanisms." *Id*. at 14. Defendant also asserts that the court should dismiss the FAC because all of the claims are preempted by the Labor Management Relations Act, 29 U.S.C. § 185, "because they rely on substantial analysis and interpretation of the CBA," Mot. 14, and goes on to analyze the terms of the CBA. *Id*. at 17-21. Finally, Defendant argues that the court should dismiss or strike Plaintiff's class claims from the FAC because the union waived employees' rights to bring class and/or collective actions. *Id*. at 22-23. As these arguments all rely on materials outside the complaint that Defendant has not established are judicially noticeable, the motion is denied.

## V.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the FAC is denied. Defendant shall file an answer to the FAC within 21 days of the date of this Order. The December 21, 2023 initial case management conference is continued to February 7, 2024 at 1:30 p.m. via Zoom videoconference. An updated joint CMC statement is due by January 31, 2023.

**IT IS SO ORDERED.**

Dated: December 18, 2023



Donna M. Ryu
Chief Magistrate Judge

---

CBAs, as opposed to the California Labor Code provisions cited in the complaint.