UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGEL ULLOA II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-01752-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 41 |

The parties filed a joint discovery letter in which Plaintiff Michael Angel Ulloa II moves to compel Defendant Securitas Security Services USA, Inc. to respond to discovery. [Docket No. 41.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion to compel is granted.

**I.    BACKGROUND**

In this putative class action, Plaintiff sues his former employer for wage and hour violations under California law. Defendant employed Plaintiff as a "Flex Officer" from May 2022 to October 2022. As a Flex Officer, Plaintiff filled in for security officers on leave, provided security for special events, and temporarily staffed new accounts. [Docket No. 24 (FAC) ¶ 4.] Plaintiff seeks to represent a class of "all current and former non-exempt employees of Defendant[ ] in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or the class is certified[.]" [Docket No. 24 (FAC) ¶ 6.]

Plaintiff filed the complaint in state court in February 2023. Defendant filed an answer on April 7, 2023. NOR ¶¶ 3, 4, Exs. 1, 2. Defendant removed the action to this court on April 12, 2023 and moved pursuant to Rule 12(b)(6) to dismiss the complaint. The court converted the

1  motion to a Rule 12(c) motion for judgment on the pleadings and granted the motion. *Ulloa v.*
2  *Securitas Sec. Servs. USA, Inc.*, No. 23-CV-01752-DMR, 2023 WL 5538276, at *3 (N.D. Cal.
3  Aug. 28, 2023). In relevant part, the court dismissed Plaintiff's claims with leave to amend and
4  dismissed his request for injunctive relief with prejudice. *Id*.

5        Plaintiff timely filed the FAC alleging claims on behalf of the putative class and seeking
6  penalties under the Private Attorneys General Act ("PAGA"), California Labor Code section 2699,
7  on behalf of himself and other aggrieved employees. Defendant moved to dismiss. It asked the
8  court to take judicial notice of two collective bargaining agreements ("CBAs") between Defendant
9  and Service Employees International Union, United Service Workers West ("SEIU-USWW"),
10  effective from August 2017 through June 2026. According to Defendant, the CBAs govern
11  Plaintiff's employment and contain grievance and arbitration provisions that cover Plaintiff's
12  wage and hour claims. Defendant sought to dismiss the FAC based on Plaintiff's failure to
13  exhaust the CBA's internal grievance procedures and preemption under the Labor Management
14  Relations Act, 29 U.S.C. § 185. It also sought to dismiss or strike the class claims from the FAC
15  based on the union's purported waiver of employees' rights to bring class and/or collective
16  actions. *Ulloa v. Securitas Sec. Servs. USA, Inc.* ("*Ulloa II*"), No. 23-CV-01752-DMR, 2023 WL
17  8720140, at *2-3 (N.D. Cal. Dec. 18, 2023). As all of Defendant's arguments in favor of
18  dismissal relied on "materials outside the complaint that Defendant ha[d] not established are
19  judicially noticeable," the court denied the motion to dismiss. *Id*. at *3.

20        Plaintiff now seeks to compel Defendant to respond to three interrogatories and four
21  requests for production ("RFPs") seeking information about the putative class members and
22  aggrieved employees.

23  **II.    LEGAL STANDARD**
24        Federal Rule of Civil Procedure 26 provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2

1  Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in
2  evidence to be discoverable." *Id*. "Relevancy, for the purposes of discovery, is defined broadly,
3  although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234
4  F.R.D. 674, 679-80 (N.D. Cal. 2006). "While the party seeking to compel discovery has the
5  burden of establishing that its request satisfies relevancy requirements, the party opposing
6  discovery bears the burden of showing that discovery should not be allowed, and of clarifying,
7  explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless*
8  *(VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (citing *La. Pac. Corp. v. Money Mkt. 1*
9  *Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

### III. DISCUSSION

#### A. Interrogatory Nos. 4-6

Interrogatory Nos. 4-6 seek the contact information for all putative class members (Nos. 4, 5) and aggrieved employees under PAGA (No. 6). Defendant objects to these interrogatories on three grounds: 1) the parties dispute the scope of the putative class; 2) "Plaintiff will be unable to satisfy the commonality requirement to certify the proposed putative class"; and 3) employees who are not covered by a CBA signed "an arbitration agreement containing a class action waiver" and are "exempt[ ]" from the putative class. Jt. Letter 3. Defendant offers to provide contact information for employees covered by the same CBAs as Plaintiff. *See id*. at 2-3. It does not assert objections based on privacy concerns or burden.

Each of Defendant's objections is merits-based. They are misplaced because at this stage the key question is whether the discovery is relevant, not whether Plaintiff's claims are meritorious. *See, e.g., Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-CV-00561-WHO (LB), 2018 WL 577941, at *3 (N.D. Cal. Jan. 29, 2018) ("This is a discovery motion . . . [the plaintiff] need not prove its claims at this juncture."). Plaintiff is entitled to reasonable pre-certification discovery of the putative class members' contact information. The Supreme Court has recognized

3

the importance of permitting class counsel in Rule 23 actions to communicate with potential class members for the purpose of gathering information, even prior to class certification. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981); *see also Vinole*, 571 F.3d at 942 ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, the propriety of a class action cannot be determined in some cases without discovery."); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to [obtain material through discovery in order to demonstrate] whether a class action was maintainable . . . especially when the information is within the sole possession of the defendant.").

Accordingly, Plaintiff's motion to compel further responses to Interrogatory Nos. 4-6 is granted. This discovery shall be produced pursuant to a protective order. The parties shall meet and confer regarding one of the Northern District's model stipulated protective orders (available at ttp://cand.uscourts.gov/model-protective-orders). **By no later than July 12, 2024**, the parties shall submit a proposed protective order in accordance with section 16 of the court's Standing Order.

### B. RFP Nos. 12-13

RFP Nos. 12 and 13 "seek timekeeping and payroll records for the putative class." Jt. Letter 3. Defendant objects to providing this information for all putative class members. It contends that Plaintiff will be unable to establish the requirements of Federal Rule of Civil Procedure 23(a) based on variances in "client facilities, locations, and businesses, some of which are unionized and some of which are not." Jt. Letter 4. It also argues that as a union employee, Plaintiff will not be an adequate representative of the putative class and is "in direct conflict with non-union employees" who have signed class action waivers. *Id*. at 4-5. Defendant does not object based on relevance or burden.

As with the interrogatories, Defendant's objections go to the merits of class certification. Additionally, Plaintiff offers to accept a 20% sampling of the documents he seeks. *Id*. at 3. Defendant responds that "a 20% sampling of all employees in California is unreasonable and excessive," but does not offer a compromise of its own and does not articulate any burden

4

associated with producing the requested documents.  *Id*. at 5.  Timekeeping and payroll records for the putative class are relevant to Plaintiff's claims and may also bear on issues of commonality and predominance.  As Defendant has not articulated a reasoned response to Plaintiff's proposal, the court grants Plaintiff's motion to compel as follows: Defendant must provide a 20% sampling of the requested records without prejudice to seeking additional responsive documents if a class is certified.  The parties shall promptly meet and confer to devise a mutually acceptable sampling protocol.  Defendant shall produce responsive documents subject to the protective order.

### C.     RFP Nos. 14-15

RFP Nos. 14 and 15 are parallel to RFP Nos. 12 and 13 in that they seek "timekeeping and pay records" for all aggrieved employees under PAGA (as opposed to putative class members).  This calls for a smaller set of records because the PAGA period covers a significantly shorter time period than the putative class.  *See LaCour v. Marshalls of California, LLC*, 94 Cal. App. 5th 1172, 1184 (2023) ("The statute of limitations under PAGA is one year from the date of the last violation.").  Defendant objects that it "does not maintain electronic timekeeping records for all non-exempt employees in California," and that "some clients do not utilize an electronic timekeeping system."  Jt. Letter 5.  It argues that "producing all timekeeping records is burdensome and oppressive."  *Id*.  It does not elaborate on these objections or provide details regarding the burden associated with producing the requested documents.  Defendant does not specifically respond to Plaintiff's request for "pay records" for aggrieved employees.

In response, Plaintiff requests "the production of all electronic wage statements for the PAGA period."  *Id*.  He also states that he will accept a 20% sampling of "handwritten time records . . . for the PAGA period if Defendant stipulates that it will not argue the sampling is not representative and cannot be used to extrapolate to the entire PAGA period."  *Id*.  Defendant does not respond to this request.

As noted, as the party opposing discovery, Defendant "bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence."  *Lofton*, 308 F.R.D. at 281.  Defendant has failed to satisfy this burden.  Accordingly, Plaintiff's motion to compel is granted with respect to the electronic wage

statements. Defendant shall produce responsive documents subject to the protective order.

As to the production of handwritten time records, the parties shall immediately meet and confer regarding Plaintiff's proposal to accept a representative sample. **By no later than July 12, 2024**, the parties shall submit a two-page joint letter setting forth any remaining disputes regarding the production of handwritten time records for aggrieved employees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted. The parties shall submit a proposed protective order by July 12, 2024. Defendant shall serve supplemental interrogatory responses and responsive documents within seven days after the court enters the parties' proposed protective order. Any joint letter regarding Plaintiff's request for handwritten time records for aggrieved employees is due by July 12, 2024.

**IT IS SO ORDERED.**

Dated: June 28, 2024



Donna M. Ryu
Chief Magistrate Judge

6