UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGEL ULLOA II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-01752-ASK<br><br>**DENYING MOTION TO STAY WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 134 |

Defendant Securitas Security Services USA, Inc. ("Securitas") has moved to stay proceedings in this matter. *See generally* Dkt. 134-4 ("Motion"). The parties in two overlapping California state court actions are seeking approval of a consolidated settlement that Securitas contends, if approved, "will resolve or materially narrow the claims asserted" in the instant matter. *Id.* at 1. Securitas asserts that such settlement—in *Uranga v. Securitas Security Services USA, Inc.*, Los Angeles County Superior Court Case No. 22STCV38698—"covers the same defendant, same groups of employees, same (and indeed *longer*) class and [California Private Attorneys General Act, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA")] periods, and the same claims and causes of action as [the instant] case." *Id.* A stay of the instant matter pending final approval of the *Uranga* settlement is, Securitas argues, "necessary, temporary, and practical." *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When deciding whether to stay proceedings, a district court must weigh such "competing interests as [(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured

United States District Court
Northern District of California

in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (citing *Landis*, 299 U.S. at 254–55).

Securitas argues that these factors weigh in favor of staying proceedings. *See* Motion at 4–7. Securitas maintains that a stay would not prejudice the instant Plaintiffs, *id.* at 5–6; that continuing to litigate this action during the pendency of *Uranga* settlement approval would "impose unnecessary and duplicative burdens[,]" *id.* at 6; that a stay may simplify the instant case by resolving certain issues, clarifying others, and averting duplicative work, *id.* at 6–7; and that the stay is appropriately limited, *id.* at 7.

The Court disagrees, at least for the time being. The parties have a full head of steam conducting discovery and litigating Plaintiffs' Motion for Class Certification (Dkt. 80) and Securitas's six motions to compel arbitration (Dkts. 101–6) and Motion for Summary Judgment (Dkt. 133). Interrupting such momentum at this juncture could hinder, rather than facilitate, this matter's efficient disposition. This case will be four years old by the time of trial, under the existing case schedule. Settlement approval could take months and even years. The timing of motions for class settlement is in the hands of third-party plaintiffs, and not under the control of any party before this Court. Nor is there any assurance that approval will occur given that the plaintiffs in this case will likely object. Accordingly, the prospect of having to pick back up with discovery and mid-stream motion practice many months from now while settlement approval litigation plays out in other courts is not an appealing one. Additionally, requiring this litigation to go forward, at least for now, would not, the Court thinks, cause any undue hardship to the parties or obstruct "the orderly course of justice[.]" *See Hall*, 300 F.2d at 268.

United States District Court
Northern District of California

For these reasons, and having considered the stay factors, *see id.*, the Court DENIES the Motion without prejudice. The Court is not opposed to considering a renewed motion to stay should changes in circumstances warrant bringing such a motion.

The Clerk is ordered to vacate all hearings and deadlines associated with the Motion.

**IT IS SO ORDERED.**

Dated: June 26, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

3